**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02605-CMA-STV

DAVID MARTIN SALVI,

    Plaintiff,

v.

FAIR COLLECTIONS & OUTSOURCING, INC.,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Second Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss and Incorporated Memorandum of Law [#18] ("Motion"). The Motion was referred to this Court [#19]. This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I respectfully **RECOMMEND** that the Motion be **GRANTED** and that the Amended Complaint be dismissed without prejudice.

    **I.**    **PROCEDURAL BACKGROUND**

    On September 22, 2016, Plaintiff filed a Complaint Under Simplified Procedure in Jefferson County Court, Colorado ("Initial Complaint"). [#3] The Initial Complaint alleged "multiple" violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. [*Id.*] The Initial Complaint does not provide any supporting facts for the alleged violations. [*Id.*]

1

On October 19, 2016, Defendant removed the action to this Court. [#1] On October 25, 2016, Defendant filed a Motion to Dismiss the Initial Complaint. [#9] At a status conference held on December 6, 2016, Defendant agreed that Plaintiff should be given leave to amend the Initial Complaint. The Court then denied the Motion to Dismiss as moot and gave Plaintiff a new deadline to file an Amended Complaint. [#15]

On January 5, 2017, Plaintiff filed his First Amended Verified Complaint. [#16] The Amended Complaint states that Defendant "has continuously and knowingly violated FCRA and FDCPA statutes and regulations repeatedly over the duration of owning this account." [*Id.* at ¶ 5] The Amended Complaint then goes on to quote, verbatim, various provisions of the FDCPA and FCRA. [#16] But, the Amended Complaint fails to cite any facts setting forth the manner in which Defendant allegedly violated these Acts. [*Id.*]

Defendant filed the instant Motion on January 11, 2017. Plaintiff responded on January 17, 2017 [#20], and Defendant replied on February 1, 2017 [#22].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.   ANALYSIS

Here, Plaintiff's Amended Complaint is utterly devoid of any factual assertions that could possibly put Defendant on notice of what Defendant has done to violate the law. The Supreme Court has made clear that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombley*, 550 U.S. at 557). The Amended Complaint merely recites statutes and fails to provide *any* factual support for Plaintiff's claims. Because the Amended Complaint fails the pleading standards required by Federal Rule of Civil Procedure 8, the Court RECOMMENDS that the Motion be GRANTED.

The question then becomes whether to recommend dismissal with or without prejudice. "By the time of a second amended complaint, it is often the case that pleading deficiencies such as those evident here may be deemed irreparable, and the complaint will be dismissed with prejudice." *Dyer v. Lajeunesse*, No. 15-cv-02404-WJM-CBS, 2017 WL 262692, at *4 n.4 (D. Colo. Jan. 20, 2017). But, the Initial Complaint was filed in state court, pursuant to Colorado's Simplified Procedures. [#3] Because Defendant agreed that Plaintiff should be given leave to amend his Initial Complaint, Plaintiff has "never before received an opportunity to cure deficiencies identified by this Court." *Id.* Under these circumstances, and given Plaintiff's pro se status, the Court finds that the dismissal should be without prejudice. The Court therefore RECOMMENDS that the Amended Complaint be DISMISSED WITHOUT PREJUDICE.

### III.   Conclusion

For the foregoing reasons, this Court respectfully **RECOMMENDS** that:

(1)    Defendant's Second Motion to Dismiss [#18] be **GRANTED**; and

(2)     Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

DATED: March 7, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).